FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 0 2 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BEDESSEE IMPORTS INC. and
BEDESSEE IMPORTS LTD.,

Plaintiffs,

- against -

REPUBLIC OF GUYANA,
GUYANA SUGAR CORPORATION, INC.,
MINISTRY OF AGRICULTURE OF THE
REPUBLIC OF GUYANA, ROBERT PERSAUD,
DAVE WEST INDIAN PRODUCTS CORP.,
DAVE WEST INDIAN AND AMERICAN
GROCERY, INC. and DAVE NARINE,

Defendants.
----------------------------------------------------------X

**COMPLAINT**

09 2846

TOWNES, J.

AZRACK, M.J.

Plaintiffs Bedessee Imports Inc. and Bedessee Imports Ltd., by their attorney Samuel Friedman, Esq., as and for their complaint herein, allege upon knowledge as to plaintiffs, and otherwise upon information and belief, as follows:

**Nature of the Action**

1. Plaintiffs bring this action, inter alia, pursuant to the Foreign Sovereign Immunities Act of 1976, 28 U.S.C §§ 1330 and 1602-1611 for injunctive and monetary relief arising out of defendants' acts of trademark infringement in violation of 15 U.S.C. §1125(a)(1)(A); false advertising in violation of 15 U.S.C. §1125(a)(1)(B); defendants' dilution of the distinctive quality of plaintiffs' trademarks in violation of 15 U.S.C. §1125(c) and NYGBL §360-1; for cancellation of defendant's fraudulently procured trademark registration on the Supplemental Register of the United States Patent and Trademark Office pursuant to 15 U.S.C. §1119 and resulting damages pursuant to 15 U.S.C. §1120; for deceptive acts and practices and state law false advertising pursuant to NYGBL §349 and §350, for unfair

competition, misappropriation, intentional interference with contractual relations and prospective economic advantage, commercial defamation and product disparagement in violation of the common law of the State of New York.

**Jurisdiction and Venue**

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§1116 and 1121 (actions arising under the Trademark Act) and 28 U.S.C. §§ 1330 (actions against foreign states), 1331, 1332, 1337, 1338, and 1367. The amount in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs. The Republic of Guyana, its agencies and instrumentalities, satisfy the minimum contacts test for jurisdiction under the Due Process Clause of the Fifth Amendment because, among other things, of having purposefully availed themselves of the privilege of conducting commercial activities within the United States. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(c)(d) and (f).

**Parties**

3. Plaintiff Bedessee Imports Inc. ("Bedessee U.S.") is a corporation organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located at 601 Wortman Avenue, Brooklyn, New York.

4. Plaintiff Bedessee Imports Ltd. ("Bedessee Canada") is a corporation organized and existing under and by virtue of the laws of Canada with its principal place of business at 2 Golden Gate Court, Toronto, Ontario, Canada. (Bedessee U.S. and Bedessee Canada are sometimes hereinafter collectively referred to as "Bedessee").

5. Defendant Republic of Guyana (sometimes hereinafter referred to as "Republic") is a sovereign nation located in South America.

6. Defendant Guyana Sugar Corporation, Inc. ("GUYSUCO") is a foreign corporation duly organized under the laws of the sovereign Republic of Guyana, with principal offices in Ogle Estate, Ogle East Coast, Demerara, Guyana; with its designated agent for service of process located within the District of Columbia.

7. Defendant GUYSUCO is a political subdivision and/or an agency or instrumentality of the Republic of Guyana. Defendant GUYSUCO carries on substantial, ongoing commercial activity in the Eastern District of New York.

8. Defendant Ministry of Agriculture of the Republic of Guyana (hereinafter sometimes referred to as the "Ministry") is a political subdivision and/or an agency or instrumentality of the Republic of Guyana. Defendant Ministry carries on substantial, ongoing commercial activity in the Eastern District of New York through defendants GUYSUCO and Dave Narine; and has publicly pronounced its intention to carry on further business and promotional activities in this District.

9. Defendant Ministry owns and controls defendant GUYSUCO.

10. Defendant Robert Persaud is the Minister of Agriculture of the Republic of Guyana. As such, defendant, Robert Persaud is a political subdivision and/or an agent or instrumentality of defendant Republic as well as the agent of defendants GUYSUCO and Ministry.

11. Defendant Robert Persaud is the designated spokesperson for defendants GUYSUCO and Ministry.

12. Defendant Dave West Indian Products Corp. ("DWIPC") is a corporation organized and existing under and by virtue of the laws of the State of New York, maintaining its principal place of business at 98-07 97th Avenue, Ozone Park, New York.

13. Defendant Dave West Indian and American Grocery Inc. ("DWIAG") is a corporation organized and existing under and by virtue of the laws of the State of New York, maintaining its principal place of business at 95-24 131st Street, Richmond Hill, New York.

14. Defendant Dave Narine is an individual residing at 1028 Huckleberry Road, Bellmore, New York, in the County of Nassau, State of New York.

15. Defendant Dave Narine does business under the name Dave West Indian Imports.

16. Defendant Dave Narine is an officer, director and shareholder of defendants Dave West Indian Products Corp. and Dave West Indian and American Grocery, Inc. and controls these corporations for his own personal benefit and advantage.

17. Defendant Dave Narine is an importer who acts as a representative and agent of GUYSUCO in the United States.

18. Defendants DWIPC, DWIAG and Dave Narine are distributors and retailers of food products that are offering for sale and selling infringing goods in this judicial district.

**Facts Common to all Claims**

19. Bedessee U.S. is engaged in the distribution and sale of a wide variety of foods and food products on a national and international basis, including among other things, cane sugar, frozen vegetables, vegetable ghee, butter ghee, palm oil, coconut oil, vegetable oil, mustard oil, curry powder, masala powder, condiments, seasoning, pepper sauce, cassava sauce, casareep sauce, spices, vegetable flour, grain flour, essence, extract, noodles and pasta and many others. The Bedessee U.S. website lists nearly 1,500 different food and food-related products that Bedessee is authorized to offer for sale and sell under various different brands and

trademarks including Bedessee's own trademarks and the trademarks of such other famous distributors and manufacturers as Bayer AG, Bumble Bee Foods, Colgate Palmolive, Heinz, J.M. Smuckers, Nestle, PepsiCo, and Unilever, to name but a few.

20.     Bedessee U.S. and Bedessee Canada collectively have been in the business of food products distribution since at least 1977.  During this time Bedessee U.S. and Bedessee Canada have collectively grown to become the largest distributor of food products in the Guyanese and Indo-Caribbean markets in the United States and Canada.  Similarly, Bedessee is the most widely known distributor of food products in the Guyanese and Indo-Caribbean communities in the United States, Canada, Guyana, Trinidad, among other parts of the Caribbean and in Africa.

21.     Bedessee Canada is the exclusive owner of 15 trademarks registered on the Principal Register of the United States Patent and Trademark Office including GUYANESE PRIDE®, GUYCAN®, PHALKHA®, WEST INDIAN PRIDE®, and WEST INDIAN QUEEN®. Bedessee Canada is also the exclusive owner of some sixty (60) registered trademarks in Canada. Bedessee U.S. and Bedessee Canada collectively trade in thousands of food items shipping to scores of distributors that sell to hundreds of stores.  Bedessee also ships directly to some 500 stores in Canada and 1,000 stores in the U.S. and additional stores in Guyana, the Caribbean, Africa and around the globe.

22.     The food products that are sold under Bedessee's trademarks and brand names are associated with high quality, consistency and superiority.  Similarly the food products that Bedessee packages, bottles and distributes under the trademarks and trade names of others are also known for quality, consistency and superiority.

23. Bedessee has been engaged in the distribution and sale of sugar, including cane sugar, on a national and international basis under the arbitrary and distinctive marks DEMERARA GOLD™ and GUYANESE PRIDE®. (Photocopies of the DEMERARA GOLD™ mark as used with Plaintiffs' DEMERARA GOLD™ brand cane sugar and distinctive design and packaging are annexed hereto as Exhibit A).

24. Continuously since long prior to the defendants' acts herein complained of, Bedessee has marketed, distributed, offered for sale and sold in interstate commerce food products, including cane sugar, under the arbitrary and distinctive DEMERARA GOLD™ and GUYANESE PRIDE® trademarks.

25. Bedessee is now and has for many years been using DEMERARA GOLD™ and GUYANESE PRIDE® as trademarks, service marks and trade names in the United States, Canada and numerous foreign jurisdictions in connection with a wide variety of goods and services directed to wholesale and retail consumers.

26. Bedessee filed its application for registration of GUYANESE PRIDE on April 14, 1986 and the trademark was registered on the Principal Register of the United States Patent and Trademark Office on October 6, 1987. (A copy of the United States Trademark Registration No. 1,460,242 for GUYANESE PRIDE® is annexed hereto as Exhibit B).

27. As a result of Bedessee's extensive sales under the distinctive DEMERARA GOLD™ mark and name and the distinctive GUYANESE PRIDE® mark and name, the terms DEMERARA GOLD and GUYANESE PRIDE® are, and are recognized to be, the source or origin of a wide variety of goods and services emanating from Bedessee.

28. As a result of Bedessee's long and extensive activities in establishing, maintaining and promoting the terms DEMERARA GOLD™ and GUYANESE PRIDE® as

trademarks, service marks and trade names, the distinctive DEMERARA GOLD™ mark and name and the distinctive GUYANESE PRIDE mark and name have become a symbols of Bedessee, its products, services and goodwill, and the relevant purchasing public and trade have come to recognize the terms DEMERARA GOLD™ and GUYANESE PRIDE® as distinctive of Bedessee's goods and services and as indicating Bedessee as the source of origin of those goods and services.

29.     Bedessee's goods sold under and in connection with the distinctive DEMERARA GOLD™ mark and name and the distinctive GUYANESE PRIDE® mark and name have met with popular approval, and as a result of Bedessee's long, extensive and exclusive use, the terms DEMERARA GOLD™ and GUYANESE PRIDE® have come to mean, and are understood to mean, Bedessee and its goods and services only.  The terms DEMERARA GOLD™ and GUYANESE PRIDE® are distinctive marks and names by which the goods and services of Bedessee are distinguished by the relevant public and by the trade from the goods and services of others.

30.     The DEMERARA GOLD™ mark and name and the GUYANESE PRIDE® mark and name each have great value for Bedessee far in excess of the sum or value of $75,000.

31.     Defendants, in common with the rest of the relevant public and trade, have been well aware of the popularity and success of Bedessee's sales under the distinctive DEMERARA GOLD™ mark and name and the distinctive GUYANESE PRIDE® mark and name and of the goodwill and business reputation represented and symbolized thereby.

32.     Defendant Dave Narine has purchased cane sugar from Bedessee under the brands DEMERARA GOLD™ and GUYANESE PRIDE® since at least the 1990's.

33. Notwithstanding said awareness, and by reason of the same, defendant GUYSUCO embarked upon a plan to compete unfairly with Bedessee by using the DEMERARA GOLD mark and name and the GUYANESE PRIDE® mark and name in connection with the promotion and sale in the United States of food products, primarily cane sugar.

34. As part of the said plan, prior to making bona fide sales in interstate commerce, in or about December 2003, GUYSUCO applied for a United States Trademark Registration for DEMERARA GOLD under U.S. Serial No. 76-562,365 filed on December 1, 2003.

35. In its application, GUYSUCO fraudulently represented to the United States Patent and Trademark Office ("P.T.O."), in violation of 18 U.S.C. §1001, that GUYSUCO believed that it had the exclusive right to use the DEMERARA GOLD mark in commerce.

36. Bedessee has priority to the DEMERARA GOLD™ mark and name based on its prior use of DEMERARA GOLD™ in U.S. commerce.

37. For over a quarter century, since at least as early as 1984, Bedessee adopted and used in interstate commerce in the United States the DEMERARA GOLD™ trademark in connection with cane sugar.

38. In truth, GUYSUCO knew of Bedessee's superior rights to the DEMERARA GOLD™ mark, and GUYSUCO had not made any use of the DEMERARA GOLD mark in commerce until well after Bedessee's first use of the mark in commerce at least as early as 1984.

39. After abandoning and then reviving its application for a trademark with the P.T.O., on or about November 1, 2005 the P.T.O. issued a registration for DEMERARA GOLD on the Supplemental Register of the P.T.O. under Supplemental Registration No. 3,012,315.

40.     The continued existence of Supplemental Registration No. 3,012,315 for DEMERARA GOLD creates a serious cloud on Bedessee's right to register DEMERARA GOLD™ as a trademark for a wide variety of goods, including goods substantially the same as and generally related to those included in the Supplemental Registration sought to be dismissed.

41.     U.S. Supplemental Registration No. 3,012,315 for DEMERARA GOLD should be cancelled.

42.     Defendants have been distributing, promoting and selling the infringingly marked DEMERARA GOLD goods in United States commerce with knowledge of Bedessee's superior and established rights to the distinctive DEMERARA GOLD mark and name for the purposes of trading upon Bedessee's goodwill and reputation, creating in consumers' minds an association with Bedessee, and giving GUYSUCO's goods a salability they otherwise would not have.  (Photocopies of the Defendants' spurious reproductions of the DEMERARA GOLD mark as used on its packaging are annexed hereto as Exhibit C).

43.     Defendants, with knowledge of Bedessee's superior and established rights to the distinctive DEMERARA GOLD mark and name, and for the purposes of trading upon Bedessee's goodwill and reputation and creating in consumers' minds an association with Bedessee, and are now offering for sale and selling the unauthorized DEMERARA GOLD marked goods in confusingly similarly labeled packaging.

44.     Defendants' aforesaid acts are likely to cause confusion, mistake and deception as to the source or origin, sponsorship or affiliation of the unauthorized DEMERARA GOLD marked goods in that purchasers or others are likely to believe that said goods originate with Bedessee or a company legitimately connected with, approved by or related to Bedessee.

45. Defendants' aforesaid actions are likely to cause injury to Bedessee's business reputation and dilution of the distinctive quality of the DEMERARA GOLD mark and name.

46. Defendants' use of the DEMERARA GOLD mark and name, in connection with the distribution, promotion and sale of food products constitutes unfair competition and misappropriation of Bedessee's DEMERARA GOLD mark and name.

47. Defendants' aforesaid acts greatly and irreparably damage Bedessee and will continue to damage Bedessee unless restrained by this Court.

**<u>The False Advertising Campaign</u>**

48. In or about June 2009, defendants Republic, GUYSUCO and Ministry, at the urging and direction of defendant Persaud, launched an advertising and a public relations campaign targeting Bedessee U.S. and Bedessee Canada for marketing their cane sugar under their trademark DEMERARA GOLD as well as their incontestable registered trademark GUYANESE PRIDE® (U.S. Reg. No. 1,460,242).

49. This advertising and public relations campaign was part of a larger undertaking code-named "Project Gold".

50. On or about June 9, 2009, defendant Robert Persaud, as agent for GUYSUCO, and on behalf of the Republic and Ministry, and in furtherance of the false advertising campaign, made statements in an interview which were reported by the Guyana Times as follows:

> Speaking during an interview on Tuesday, Agriculture Minister Robert Persaud said that Guyanese in North America were being duped into purchasing sugar, made in Mauritius, " and packaged and labelled by Bedessee Imports Incorporated to suggest that it emanates from Guyana." He said that the use of the trademark "Demerara Gold" on the main panel of the packaging incorrectly suggests that the sugar sold is genuine "Demerara" sugar.

> "Bedessee Imports Incorporated has a reputation of dishonesty in marketing, branding, and packaging its products to deceive the West Indians residing in North America. In the case of sugar, Bedessee goes even further by reproduction of a representation of a map of Guyana on the main display panel," the minister pointed out.

* * *

(Photocopies of the purported headlines generated by the Defendants' false and misleading representations of fact, together with the purported news articles featured in the Guyana Times editions of June 10 and June 13, 2009 are annexed collectively as Exhibit D). The photographs published together with front-page headlines on the annexed Exhibit depict, disparage and tarnish Bedessee's DEMERARA GOLD™ and GUYANESE PRIDE® branded products.

51. The above-quoted false or misleading representations of fact as published by the Guyana Times was also available to readers, including members of the Guyanese communities in New York, throughout the United States, in Canada, in Guyana and elsewhere via the URL: http://119.82.71.95/guyanatimes/epapermain.aspx?queryed=9&eddate=6/10/2009.

52. Defendant Robert Persaud, as agent for GUYSUCO and on behalf of the Republic and Ministry, made statements and caused advertisements to be published by the Guyana Current in its June 2009 edition, by Guyana News Today on June 10, 2009 and by the National Communications Network as follows:

> **"Guyana Challenges Use of 'DEMERARA GOLD' BRAND**
>
> Minister of Agriculture Robert Persaud has indicated that the Guyana Sugar Corporation is taking an aggressive stand with respect to the deceitful use of the Corporation's brand 'Demerara Gold' as it will be taking legal action and will engage the Guyana missions and other agencies to have the issue addressed.
> It was brought to the Minister's attention by members of the Diaspora that Bedessee Imports has been passing off sugar made in Mauritius as having emanated from Guyana. The sugar, with the label 'DEMERARA GOLD' on the main panel of the packaging gives the impression that it is genuine Demerara sugar.

       * * *

> It was reported that Bedessee Imports Inc. has a reputation to deceitfully brand and package its products.
> He urged the Diaspora to be alert and not support such a misuse of the brand.
>
> > "We are from here sending a message; we hope to get it on the internet and advertisements and let people be aware that this is not authentic Demerara Gold and that this is also deceitful advertising and the illegal use of a particular brand… we have to guard against this and be much more vigilant and this is where the efforts could be challenged." ...

* * *

(Photocopies of the Defendants' false and misleading statements as published in the June 10, 2009 edition of the Guyana News Today are annexed hereto as Exhibit E).

53. The above-quoted false or misleading representations of fact as published by Guyana News Today was available to readers, including members of the Guyanese communities in New York, throughout the United States, in Canada, in Guyana and elsewhere via the URL: http://www.guyananewstoday.com/?s=bedessee&x=19&y=13.

54. The above-quoted false or misleading representations of fact as published by National Communications Network was available to readers, including members of the Guyanese communities in New York, throughout the United States, in Canada, in Guyana and elsewhere via the URL: http://www.ncnguyana.com/news/index.php?option=com_content&task=view&id=36&Itemid=1 (A photocopy of the Defendants' false and misleading statements as published on June 10, 2009 in the National Communications Network is annexed as Exhibit F).

55. The above-quoted false or misleading representations of fact as published on the official website of the Ministry of Agriculture of Guyana was available to readers,

including members of the Guyanese communities in New York, throughout the United States, in Canada, in Guyana and elsewhere via the URL: http://www.agriculture.gov.gy/Bulletins/June%202009/Agriculture%20Minister%20warns%20against%20deceitful%20use%20of%20Demerara%20Gold%20brand.html. (A photocopy of the Defendants' false and misleading statements as published on June 9, 2009 on the official website of defendant Ministry of Agriculture of Guyana is annexed as Exhibit G).

56. The above-quoted false or misleading representations of fact as published by the Guyana Chronicle was available to readers, including members of the Guyanese communities in New York, throughout the United States, in Canada, in Guyana and elsewhere via the URL: http://www.guyanachronicle.com/ARCHIVES/archive%2010-06-09.html and is reproduced as Exhibit H, annexed hereto.

57. On or about June 11, 2009, Robert Persaud, as agent for GUYSUCO, and on behalf of the Republic and Ministry, and in furtherance of the false advertising campaign made false and misleading statements which were reported by Kaieteur News published in New York and the Guyana Observer as follows:

> "Six years have passed since a company has been using Guyana Sugar Corporation's label 'Demerara Gold' to dupe overseas-based Guyanese into buying sugar purported to be made in Guyana when in fact the commodity is produced in Mauritius.



Some of the bogus labels being used by Bedessee Imports Inc.

And whoever is doing this continues to get away with the act. As such, Minister of Agriculture, Robert Persaud, is urging Guyanese in North America not to purchase products labeled by 'Bedessee Imports'. The company has been packaging sugar made in Mauritius to suggest that it emanates from Guyana. The Ministry of Agriculture has stated that the use of the mark 'Demerara Gold' on the main panel of the packaging incorrectly suggests that the sugar sold is genuine Demerara sugar. Bedessee Imports Inc, the Ministry said, has a reputation of dishonest marketing in branding and packaging its products to deceive the West Indians residing in North America. "Guysuco has taken a very **aggressive stand in taking legal action and other representation on this matter and will continue to pursue all legal courses**," Minister Persaud said.... As such the Ministry is urging Guyanese in the Diaspora not to purchase any product that is deceptive and misleading, creating an impression that they are made in Guyana." "

58. In furtherance of the false advertising campaign, the above-quoted false or misleading representations of fact were published in three locations in the Kaieteur News New York Edition weekly periodical dated June 12 - 18, 2009, and specifically identified as a "Paid Advertisement." Photocopies of the Paid Advertisements are annexed hereto as Exhibit I. The Paid Advertisement was republished in the Kaieteur News New York Edition weekly periodical dated June 19 - 25, 2009. The photographs published together with the paid advertisements on the annexed Exhibit depict, disparage and tarnish Bedessee's DEMERARA GOLD and GUYANESE PRIDE branded products.

59. Additionally, the Kaieteur News version of the above-quoted false or misleading representations of fact was available to readers, including members of the Guyanese communities in New York, throughout the United States, in Canada, in Guyana and elsewhere via the URL: http://www.kaieteurnews.com/2009/06/11/foreign-company-uses-bogus-demerara-sugar-label/ and copied by Hey Africa! at the URL: http://heyafrica.com/africa-news/foreign-company-uses-bogus-demerara-sugar-label, thus damaging the considerable goodwill that Bedessee has acquired through its extensive promotion, distribution and sales in Africa. The Guyana Observer version was available at the URL: http://www.guyanaobservernews.org/index.php?option=com_content&task=view&id=917&Itemid=94#comment-3457.

60. Other follow-up versions have been published by Guyana Times on June 13, 2009, by Stabroek News on June 23, 2009 (annexed hereto as Exhibit J) and copied by EMM News Explorer - NewsBrief, which were published and available to readers, including members of the Guyanese communities in New York, throughout the United States, in Canada, in Guyana and elsewhere via the URLs, respectively: http://119.82.71.95/guyanatimes/epapermain.aspx?queryed=9&eddate=6/13/2009, http://www.stabroeknews.com/2009/news/local/06/23/guysuco-eyes-legal-action-over-illegal-use-of-%E2%80%98demerara-gold%E2%80%99/; and http://press.jrc.it/NewsBrief/dynamic?language=en&page=1&edition=searchresults&option=&category=&articleType=all&foralert=&forsource=&duplicates=false&querytype=simple&lang=en&dateFrom=&dateTo=&atLeast=bedessee&all=&exact=¬.

61.     On or about June 10, 2009, Dave Narine, on behalf of defendants GUYSUCO, Republic and Ministry, and at the request of Robert Persaud, and in furtherance of the false advertising campaign provided to the Kaieteur News and Caribbean New Yorker, as well as others, advertising copy directed to members of the Guyanese Diaspora which stated:

**"Deceitful Use of 'Demerara Gold' Sugar Name by US Distributor**



Guyanese in North America are being duped to purchase sugar, made in Mauritius, and packaged and labeled by Bedessee Imports Inc. to suggest that it emanates from Guyana.

The use of the mark DEMERARA GOLD on the main panel of the packaging incorrectly suggests that the sugar sold is genuine DEMERARA sugar.

Bedessee Imports Inc. has a reputation of dishonest marketing in branding and packaging its products to deceive the West Indians residing in North America. In the case of sugar, Bedessee's goes even further by reproduction of a representation of a map of Guyana on the main display panel.

**The Ministry of Agriculture is urging Guyanese in the diaspora not to purchase any product that is deceptive and misleading, creating an impression that they are made in Guyana.** The Government of Guyana will engage its embassies in North America and give consideration to urgent legal redress.

**Ministry of Agriculture**
**Regent & Vlissengen Roads**
**Bourda, Georgetown"**

The advertising copy distributed by defendant Dave Narine, which was ultimately published and republished in various publications, contains photographs that depict, disparage and tarnish plaintiffs' DEMERARA GOLD and GUYANESE PRIDE branded products.

62. On June 19, 2009, after having been personally served with a notice from Bedessee's counsel in Canada under the *Ontario Libel and Slander Act* R.S.O. 1990 Chap. L.12., Persaud made the following statements at a press conference he convened at the Holiday Inn Hotel near JFK International Airport in this judicial district:

> "Good morning everyone and I want to very briefly bring you up to date on two important matters which I think are of interest to the Diaspora and based on requests that we have received.
>
> The first issue is the future of the GuySuCo's product and you would have heard comments and statements issued by the government about this concern that there are companies which are using the brand name or the product name of GuySuCo and these products are in fact not GuySuCo's product and do not even emanate from Guyana and we wanted to alert the Diaspora about this development. For instance, there is the use of Demerara Gold. And this (holding up package from GuySuCo) is the only Demerara Gold, authentic Demerara Gold – if you see anything other than this, it is not Demerara Gold.
>
> And what is most disturbing is that some of these individuals are so, as I say, unconscionable in their behaviour, that even as we seek to inform and advise the Guyanese community, we receive legal notices and threats of lawsuit. The government of Guyana receiving threats of lawsuit. Primarily, advocating and merely reminding consumers that the brand Demerara Gold belongs to the Guyana Sugar Corporation. But I want to make it absolutely clear that we will launch, and we have started a very aggressive public campaign, public campaign, we will get to every consumer, we will utilize the mass media, and I want to encourage those stores and supermarkets that when they are selling or promoting products, just ensure that they are indeed authentic Guyanese products. And if they have difficulty in verifying the authenticity of these products, all they have to do is either contact the Guyana Consulate or make contact with the relevant agency in Guyana. It's easy, we can use communication.
>
> So I want to encourage the media and the persons here involved to support us in this effort and to prevent Guyana from being ripped off. This is what it's about. Guyana is being ripped off and I think the Diaspora has a responsibility, has a very serious responsibility to prevent our country from being ripped off by anyone, and I

> think it is important that we know how sugar is important to the national economy....
>
> * * *
>
> ....they have counterfeit product on the market in this regard. And I want to encourage individuals who are engaged in this practice, especially if they come from Guyana, to demonstrate an iota of patriotism by restraining and stop engaging in this, which I want to say, anti-Guyana behaviour, in this regard.
>
> * * *

63. While he did not refer to Bedessee by name, by his words and in particular by his reference to the preceding publicity, Persaud intended and was understood to mean that Bedessee U.S. and Bedessee Canada were the parties engaged in selling counterfeit products and in anti-Guyana behaviour.

64. The statements made by Persaud, and advertisements promulgated by Defendants, are false and misleading, suggesting that Bedessee's DEMERARA GOLD cane sugar product is deceptively packaged and branded, inferior and even unpatriotic and anti-Guyanese.

65. The packaging used by Bedessee U.S. and Bedessee Canada for their DEMERARA GOLD™ cane sugar clearly states country of origin, as in Exhibit A: "PRODUCT OF MAURITIUS".

66. The island of Mauritius is the world's largest producer of large grained semi-refined cane sugar, commonly known as demerara sugar.

67. The term demerara style sugar is used by several multinational corporations to describe cane sugar harvested from Mauritius and other parts of the globe.

68. The DEMERARA GOLD branded cane sugar sold by GUYSUCO is produced in regions of Guyana other than region known as Demerara, as well as in other countries such as Guatemala.

69. The packaging used by Bedessee U.S. for its GUYANESE PRIDE® branded demerara sugar clearly displays and identifies the country of origin, unless it is of domestic U.S. origin.

70. The Defendants' false advertising campaign is calculated to expand the market for Guyanese sugar, manufactured and sold exclusively by GUYSUCO.

71. While the population of Guyana is around or about 800,000, the expatriate Guyanese Community around the world is around or about 500,000 and located primarily in North America.

72. As contemplated and intended, the false, misleading and defamatory advertisements and statements have been republished and spread among numerous publications and periodicals and among members of the Guyanese Community around the world.

73. The statements and advertisements were directed to Bedessee's customers including retailers and end-consumers.

74. The statements and advertisements made by Defendants in various publicly disseminated mediums were made for purposes of self-promotion and/or disparagement of Plaintiffs and their trademarks DEMERARA GOLD™ and GUYANESE PRIDE®.

75. The statements and advertisements convey a false impression through implication, innuendo, ambiguity or omission of material facts.

76. Defendant Robert Persaud has demonstrated personal animus against Plaintiffs by characterizing them as unpatriotic, anti-Guyanese and by describing their brand as

"false", their product as "counterfeit" and their conduct as "deceitful", "illegal", "dishonest", "deceptive" and "misleading".

77. The dissemination of these statements and advertisements would readily deceive a consumer to believe that Bedessee's DEMERARA GOLD™ cane sugar and GUYANESE PRIDE® cane sugar are deceptively and misleadingly branded and packaged, of inferior quality, and anti-Guyanese. This would likely influence consumer purchasing decisions concerning all of Plaintiffs' products.

78. The Defendants' false advertising campaign is the subject of proceedings brought by Plaintiffs in the Ontario Superior Court of Justice.

79. Plaintiffs' corporate image, commercial and brand viability requires the public's belief that its products are not misleadingly or deceptively packaged and branded, not of inferior quality and not anti-Guyanese.

80. Plaintiffs and their distributors and retailers have been approached by their respective customers inquiring about the Defendants' published statements and advertisements and materials disseminated by Defendants.

81. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered a loss of sales, customers and good will.

82. Plaintiffs have no adequate remedy at law.

**First Claim for Relief**
**(Trademark Infringement and Unfair Competition under Lanham Act 15 U.S.C. § 1125 (a)(1)(A))**

83. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 82 above.

84. Defendants' aforesaid acts constitute trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

**Second Claim for Relief**
**(False Advertising under Lanham Act 15 U.S.C. § 1125 (a)(1)(B))**

85. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 84 above.

86. Defendants have made and disseminated false and misleading statements about the nature, characteristics, qualities and geographic origin of their own goods, services and commercial activities, as well as about the nature, characteristics, qualities and geographic origin of Plaintiffs' goods, services and commercial activities.

87. Defendants' aforesaid acts constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a)(1)(B).

88. Plaintiffs have been damaged by such actions of Defendants, and are likely to suffer further damage if Defendants are not enjoined from their illegal acts.

**Third Claim for Relief**
**(Trademark Dilution under Lanham Act 15 U.S.C. § 1125 (c))**

89. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 88 above.

90. Defendants' aforesaid acts constitute dilution of the distinctive DEMERARA GOLD™ mark and name and the distinctive GUYANESE PRIDE® mark and name in violation of 15 U.S.C. §1125(c).

**Fourth Claim for Relief**
**(Trademark Dilution; Injury to Business Reputation N.Y. Gen. Bus. Law § 360-l)**

91. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 90 above.

92. Defendants' aforesaid acts have and are likely to continue to cause injury to business reputation and dilution of the distinctive quality of the DEMERARA GOLD™ mark and name and the distinctive quality of the GUYANESE PRIDE® mark and name in violation of §360-1 of the New York General Business Law.

**Fifth Claim for Relief**
**(Common Law Commercial Defamation)**

93. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 92 above.

94. Defendants' statements and advertisements are defamatory of the reputation of Plaintiffs' business, impugning the business' reputation and tending to affect the confidence of the public and drive away its customers.

95. Defendants published the defamatory statements with actual knowledge that they were false, or with reckless disregard as to the truth or falsity of the statements.

96. Defendants published the defamatory statements with malice.

97. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer damage from injury to their business reputation and from lost sales, in an amount to be proven at trial.

**Sixth Claim for Relief**
**(Common Law Product Disparagement)**

98. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 97 above.

99. Defendants have intentionally published to third persons false and misleading statements and representations of fact that disparage the Plaintiffs' goods including those sold under the DEMERARA GOLD™ and GUYANESE PRIDE® marks.

100. Defendants intentionally published the defamatory statements with malice knowing them to be false for the purpose of injuring the Plaintiffs.

101. As a result of Defendants' acts, Plaintiffs have suffered and will continue to suffer damages including a loss of sales and good will.

**Seventh Claim for Relief**
**(Tortious Interference with Contractual Relations)**

102. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 101above.

103. Defendants' conduct in planning, launching and pursuing the false advertising campaign as described hereinabove was malicious and intentionally calculated to interfere with Plaintiffs' contractual relationships, known to Defendants and accomplished by wrongful means.

104. Defendants' conduct constitutes an intentional interference with Plaintiffs' contractual relationships in violation of the common law including the common law of the State of New York.

105. Plaintiffs have been and will continue to be damaged by such actions of Defendants in an amount to be proven at trial.

**Eighth Claim for Relief**
**(Tortious Interference with Prospective Economic Advantage)**

106. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 105 above.

107. Defendants' conduct in planning, launching and pursuing the false advertising campaign as described hereinabove was malicious and intentionally calculated to interfere with Plaintiffs' prospective economic advantage, known to Defendants and accomplished by wrongful means.

108. Defendants' conduct constitutes an intentional interference with Plaintiffs' prospective economic advantage in violation of the common law including the common law of the State of New York.

109. Plaintiffs have been and will continue to be damaged by such actions of Defendants in an amount to be proven at trial.

**Ninth Claim for Relief**
**(Deceptive Acts and Practices and False Advertising N.Y. Gen. Bus. Law §§ 349 and 350)**

110. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 109 above.

111. Defendants' aforesaid acts constitute deceptive acts and practices and false advertising in violation of §§349-350 of the New York General Business Law.

**Tenth Claim for Relief**
**(Common Law Unfair Competition)**

112. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 111 above.

113. Defendants' aforesaid acts constitute unfair competition and misappropriation in violation of the common law including the common law of the State of New York.

**Eleventh Claim for Relief**
**(Cancellation of Registration under Lanham Act 15 U.S.C. § 1119)**

114. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 113 hereinabove.

115. By reason of the foregoing, U.S. Supplemental Registration No. 3,012,315 should be cancelled pursuant to 15 U.S.C. §1119.

**Twelfth Claim for Relief**
**(Civil Liability for False or Fraudulent Registration: Lanham Act 15 U.S.C. § 1120)**

116. Plaintiffs repeat the allegations set forth in Paragraphs 1 through 115 hereinabove.

117. By reason of the false and fraudulent representations made by defendant GUYSUCO in procuring U.S. Supplemental Registration No. 3,102,315, GUYSUCO is liable to Plaintiffs for all damages sustained in consequence thereof pursuant to 15 U.S.C. § 1120.

**DEMAND FOR JURY TRIAL**

118. Plaintiffs demand a trial by jury on all claims so triable pursuant to Rule 38, Fed.R.Civ.P.

**WHEREFORE,** Plaintiffs demand judgment as follows:

A. That the Court award to Plaintiffs compensatory, consequential statutory and punitive damages on all claims for relief in an amount to be determined at trial.

B. That Defendants, their officers, agents, servants, employees, attorneys, related companies, successors and assigns, be enjoined and restrained from using in any manner the mark names DEMERARA GOLD and GUYANESE PRIDE either alone or in combination with other words or designs, or any other term which are confusingly similar to DEMERARA GOLD and GUYANESE PRIDE in sound, sight or meaning, on or in connection with any goods or services whatsoever, and from doing any other act or thing likely to induce the belief that defendants' goods are in any way connected with Bedessee, or calculated or likely to cause confusion, mistake or deception, or from diluting the distinctive quality of the DEMERARA GOLD mark and name and the distinctive quality of the GUYANESE PRIDE mark and name and from otherwise unfairly competing with Bedessee or misappropriating that which rightfully belongs to Bedessee.

C. That, pursuant to 15 U.S.C. §1119, this Court order the cancellation of GUYSUCO'S Supplemental Registration No. 3,012,315 for DEMERARA GOLD and pursuant to 15 U.S.C. §1120 order that Defendants pay over to Plaintiffs the damages sustained in consequence thereof.

D. That Defendants be directed to recall from the trade any and all DEMERARA GOLD marked goods, including an offer to reimburse all customers for the full cost thereof.

E.  That Defendants be required to deliver up to Plaintiffs for destruction all goods and all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of defendants or under their control bearing unauthorized reproductions of the DEMERARA GOLD mark, name or trade dress or any reproductions, counterfeit, copy or colorable imitation thereof, and all patterns, plates, molds, matrices and other means of making the same.

F.  That Defendants be permanently enjoined from making false, misleading and/or disparaging statements about Plaintiffs and Plaintiffs' products.

G.  That pursuant to 15 U.S.C. §1117, Defendants be directed to pay over to Plaintiffs any and all damages which Plaintiffs have sustained by consequence of Defendants' statutory and common law trademark infringement, false designation of origin, false advertising, dilution and unfair competition enumerated herein.

H.  That Defendants be required to account to Plaintiffs for all profits arising from the foregoing acts of infringement, unfair competition, dilution and misappropriation, and that Plaintiffs recover their damages arising therefrom and a sum of equal to three times the damages and profits assessed.

I.  That due to the willful nature of the Defendants' actions the amount of actual damages be trebled as provided for in 15 U.S.C §1117 and/or N.Y. Gen. Bus. Law §§349(h) and 350-e(3); and that Defendants be required to pay to Plaintiffs the costs of this action including reasonable attorneys fees.

J.  That Defendants be required to file with this Court and serve on Plaintiffs a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with the terms of the permanent injunction.

K. That Plaintiffs recover their costs, expenses and reasonable attorney fees incurred herein.

L. That Plaintiffs have such other and further relief that this Court deems appropriate.

Dated: New York, New York
July 2, 2009

By: ______________________

SAMUEL FRIEDMAN [SF4619]
225 Broadway, Suite 1804
New York, New York 10007
(212) 267-2900

*Attorney for Plaintiffs*
*Bedessee Imports Inc. and*
*Bedessee Imports Ltd.*